UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

SHIRLEY GONZALEZ,

                               Plaintiff,

- versus -

HEALTHCARE RECOVERY
MANAGEMENT INC.,

                               Defendant.

MEMORANDUM AND ORDER
13-CV-1002

JOHN GLEESON, United States District Judge:

        Before this Court is a motion for default judgment by Shirley Gonzalez. Gonzalez requests an award of statutory damages in addition to attorney's fees and costs. For the reasons set forth below, Gonzalez's motion for default judgment is granted. She is awarded $500 in statutory damages, $2,983.50 in attorney's fees, and $596 in costs.

BACKGROUND

        On February 26, 2013 Gonzalez commenced this action asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. *See* Complaint ¶ 1, ECF No. 1. Gonzalez alleges that Healthcare Recovery Management Inc. ("Healthcare") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), with its principal place of business in Middletown, New York. *Id*. ¶¶ 3-4. Gonzalez alleges that Healthcare attempted to collect an alleged debt of $3,300 incurred by Gonzalez for a medical service rendered on September 23, 2009. *Id*. ¶ 21. Specifically, Gonzalez alleges that on March 27, 2012 Healthcare sent a collection letter to Gonzalez that made false, deceptive, and misleading representations in violation of 15 U.S.C. § 1692e. *Id*. ¶¶ 22-24.

On June 20, 2013 Gonzalez moved for entry of default against Healthcare for failing to plead or otherwise defend the action pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55(a). ECF No. 9. On June 21, 2013 the Clerk of Court entered default. ECF No. 10.

DISCUSSION

A.  *The Standard of Review*

Fed. R. Civ. P. 55 establishes a two-step process for obtaining a judgment against a defaulting party. *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, the Clerk of Court, upon a motion from the party seeking affirmative relief, enters default against the party that has failed to plead or otherwise defend in the action. Fed. R. Civ. P. 55(a); *Priestley*, 647 F.3d at 504-05. Once default has been entered, the party may then move for a default judgment from the Court pursuant to Fed. R. Civ. P. 55(b).[1]

The Clerk of Court entered the default of Healthcare on June 21, 2013. Gonzalez now applies to the Court for entry of a default judgment. In light of Healthcare's default, I accept the factual allegations in the complaint to be true and draw all reasonable inferences in Gonzalez's favor. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). However, the "district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action." *Au Bon Pain Corp.*, 653 F.2d at

---

[1] Fed. R. Civ. P. 55(b) technically sets forth two procedures for a party seeking entry of default judgment. If the plaintiff's claim is for "a sum certain . . ., the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Here, Gonzalez admits that she "has not pled a claim for a sum certain in her complaint," and therefore "moves this court for judgment on her claims or a hearing on damages, costs and attorneys' fees." Gonzalez Mot. Default J. ¶ 6, ECF No. 11.

2

65. Furthermore, the district court does not automatically accept the allegations of the complaint relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). Although an evidentiary hearing under Rule 55(b)(2) is not required, plaintiff must establish through affidavits or other evidence "a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

B.  *Default Judgment*

Gonzalez asserts violations of numerous provisions of the FDCPA, including § 1692e (prohibiting false, deceptive, or misleading representations in connection with collection of a debt). Based on these violations, Gonzalez seeks $1,000 in statutory damages, $4,903 in attorney's fees, and $596 in costs.[2]

The FDCPA is a strict liability statute and a single violation is sufficient to establish liability. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 133, 135 (2d Cir. 2010); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Therefore, taking as true the allegation that Healthcare sent Gonzalez a collection letter, which contained misleading and deceptive representations, I find that the complaint adequately establishes Healthcare's violation of, at a minimum, FDCPA § 1692e.

C.  *Statutory Damages*

The FDCPA provides for a maximum of $1,000 in statutory damages. 15 U.S.C. § 1692k(a)(2)(A). "All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award,

---

[2] The complaint sought both statutory and actual damages but did not specify a particular amount of actual damages. Complaint, at 6. However, Gonzalez's motion for default judgment seeks only statutory and not actual damages. Mot. Default J. ¶ 7.

3

up to the $1,000 ceiling." *Savino v. Computer Credit Inc.*, 164 F.3d 81, 86 (2d Cir. 1998). In calculating an appropriate statutory damages award, the district court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

"Awarding the statutory maximum under the FDCPA is appropriate in cases where the acts of the debt collector were particularly egregious." *Dunn v. Advanced Credit Recovery Inc.*, No. 11-CV-4023, 2012 WL 676350, at *3 (S.D.N.Y. Mar. 1, 2012) (citing *Overcash v. United Abstract Group, Inc.,* 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (awarding $1,000 in statutory damages against each defendant who repeatedly sought to collect debts already paid in violation of the FDCPA); *Baruch v. Healthcare Receivable Management, Inc.*, No. 05-CV-5392, 2007 WL 3232090, at *4 (E.D.N.Y. Oct. 30, 2007) (awarding $1,000 in statutory damages where defendants repeatedly contacted and threatened to sue alleged debtor and harm her credit rating in violation of the FDCPA). However, a lesser award is "appropriate where there is no repeated pattern of intentional abuse or where the violation was technical." *Id*. (quoting *Dona v. Midland Credit Management Inc.*, No. 10-CV-0825, 2011 WL 941204, at *3 (E.D.N.Y. Feb. 10, 2011) (awarding $500 in statutory damages where defendant left message on plaintiff's answering machine for the purposes of collecting a debt without indicating that call was from debt collector); *Weiss v. Zwicker & Associates, P.C.,* 664 F. Supp. 2d 214, 218 (E.D.N.Y. 2009) (awarding $500 in statutory damages where defendant was liable for one FDCPA violation, which did not appear intentional); *Cordero v. Collection Co., Inc.*, No. 10-CV-5960, 2012 WL 1118210, at *2 (E.D.N.Y. Apr. 3, 2012) (awarding $250 in statutory damages where defendant sent plaintiff one letter requesting payment of an outstanding medical bill in order to avoid any further legal action); *Copper v. Global Check & Credit Services, LLC*,

4

No. 10-CV-145S, 2010 WL 5463338, at *2 (W.D.N.Y. Dec. 29, 2010) (awarding $250 in statutory damages where defendant called plaintiff's daughter several times, disclosed plaintiff's debt, and failed to provide proper notice of the debt).

Here, Gonzalez alleges that Healthcare sent a single letter to her on March 27, 2012. Gonzalez alleges that Healthcare violated the FDCPA because it held itself out as a servicer of a bill (rather than a debt collector) and communicated that the bill was delinquent (when it was actually in default). Under these circumstances, Gonzalez's request for the maximum award of $1,000 is not in line with statutory damages awarded in other FDCPA cases in this Circuit. Gonzalez alleges a single instance where Healthcare attempted to collect a debt. Moreover, Gonzalez does not allege that Healthcare engaged in any harassing and abusive conduct (in violation of 15 U.S.C. § 1692d), behavior that strikes me as more obviously egregious than the conduct complained of here. Accordingly, I award Gonzalez $500 in statutory damages.

D. *Attorneys' Fees and Costs*

Pursuant to 15 U.S.C. § 1692k(a)(3), counsel for a prevailing party in an FDCPA action is entitled to "the costs of the action, together with a reasonable attorneys' fee as determined by the court." The Second Circuit has held that courts are to award counsel the "presumptively reasonable fee," which is determined by the reasonable hourly rate by the number of reasonably expended hours. *Simmons v. New York City Transit Authority*, 575 F.3d 170, 174 (2d Cir. 2009). In calculating the presumptively reasonable fee, courts should examine those rates charged "for similar services by lawyers of reasonably comparable skill, experience, and reputation," *Reiter v. MTA NYC Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)), "in the district in which the reviewing

court sits," *Simmons*, 575 F.3d at 174. In the Eastern District of New York, hourly rates for attorneys "have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants." *Sacardi v. Green Field Churrascaria, Inc.*, No. 10-CV-4979195, 2012 WL 4979195, at *1 (E.D.N.Y. Oct. 17, 2012) (quoting *Cho v. Koam Medical Services P.C.*, 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007) and collecting other recent cases); *see also Crapanzano v. Nations Recovery Center, Inc.*, No. 11-CV-1008, 2011 WL 2847448, at *2 (E.D.N.Y. June 29, 2011) (same); *Szczepanek v. Dabek*, No. 10-CV-1459, 2011 WL 846193 (E.D.N.Y. Mar. 7, 2011) ("Recent prevailing hourly rates in the Eastern District are: (1) between two hundred dollars ($200.00) to four hundred dollars ($400.00) for partners; (2) between one hundred dollars ($100.00) to two hundred ninety-five dollars ($295.00) for associates; and (3) between seventy dollars ($70.00) to eighty dollars ($80.00) for legal assistants, including paralegals, or legal interns.") (internal citations omitted).

Gonzalez's counsel requests $4,903 in attorney's fees. The fees represent the efforts of two attorneys: (1) M. Harvey Rephen, Gonzalez's lead counsel, who expended 5.32 hours at a rate of $400 per hour (totaling $2,128) and (2) Alan Sasson, who expended 9.25 hours at a rate of $300 per hour (totaling $2,775). Mot. Default J. Ex. 1, ECF No. 11-1. Rephen is admitted to the bar in New York and has seventeen years of experience practicing credit and collection law. Alan J. Sasson Aff. in Supp. Mot. Default J. ¶¶ 6-7, ECF No. 11-2. Sasson is also admitted to the bar in New York and has approximately three years of experience practicing credit and collection law. *Id.* ¶¶ 2-3.

I find neither Rephen's hourly rate of $400 nor Sasson's hourly rate of $300 reasonable. In FDCPA cases, courts in the Eastern District of New York regularly award experienced attorneys hourly rates ranging from $250 to $350. *See Aslam v. Malen &*

6

*Associates, P.C.*, 669 F. Supp. 2d 275, 277 (E.D.N.Y. 2009) (awarding attorney with 6 years' experience in consumer protection cases an hourly rate of $250 in an FDCPA case); *Larsen v. JBC Legal Group, P.C.*, 588 F. Supp. 2d 360, 364 (E.D.N.Y. 2008) (awarding counsel with 17 years' experience, including seven years specializing in consumer protection law, an hourly rate of $300 in an FDCPA case); *Baruch*, 2007 WL 3232090, at *18 (awarding solo practitioner with 19 years' experience an hourly rate of $350 in an FDCPA case); *Sparkman v. Zwicker & Associates, P.C.*, No. 04-CV-1143, 2006 WL 463939, at *5-6 (E.D.N.Y. Feb. 27, 2006) (noting that "district courts in this circuit have awarded attorney's fees at rages ranging from $200 to $250 per hour for experienced attorneys in FDCPA cases" and awarding attorney an hourly rate of $200). This case was far from complex and involved no novel issues of law. Thus, based on the prevailing rates in this district, and in light of Rephan's experience and the facts and circumstances of this case, I find that a reasonable hourly rate in this case for his work is $300.

As for Sasson, he has approximately three years of experience, which places him in the category of a junior associate. *See Crapanzo*, 2011 WL 2847448, at *2 ("In this district, 'hourly rates for attorneys . . . have [normally] ranged from . . . $100 to $150 for junior associates with one to three years of experience. . . .") (quoting *Eu Yan Sang International Ltd. v. S & M Enterprises (U.S.A.) Enterprise Corp.*, No. 09-CV-4235, 2010 WL 3824129, at *7 (E.D.N.Y. Sept. 8, 2010)). A reasonable hourly rate for a junior associate is $100 to $150. *See id.*; *Sacardi*, 2012 WL 4979195, at *1. Sasson, however, requests an hourly rate double the upper end of that range. I find that rate to be excessive. Accordingly, based on the prevailing rates in this district and in light of Sasson's experience and the facts and circumstances of this case, I find that a reasonable hourly rate in this case for his work is $150.

Rephen and Sasson submitted time records indicating that between February 12, 2013 and August 26, 2012, they spent a total of approximately 14.5 hours consulting with their client, drafting the complaint, and preparing the default judgment motion papers. Mot. Default J. Ex. 1. While I question the need for two attorneys to work together on such a simple and uncontested case, the total number of hours expended on the matter is not so high as to be unreasonable. *See, e.g.*, *Dunn*, 2012 WL 676350, at *6 (approving 18.25 hours of attorney time in FDCPA default judgment case). Accordingly, I award attorney's fees to Gonzalez in the amount of $2,983.50.[3]

Gonzalez also requests costs in this action totaling $596, representing the $350 Court filing fee, the $170 process service fee, and $66 in shipping costs. Mot. Def. J. ¶ 8. Gonzalez has failed to provide documentation in the form of receipts for these requested fees. Nevertheless, because I find these costs reasonable and appropriate, I recommend that Gonzalez be reimbursed the $596 in costs.

## CONCLUSION

For the reasons set forth above, Gonzalez's motion for default judgment is granted, and she is awarded the aggregate sum of $4,079.50.

So ordered.

John Gleeson, U.S.D.J.

Dated: September 10, 2013
      Brooklyn, New York

---

[3] This figure represents the sum of $1,596 for work performed by Rephen (5.32 hours multiplied by an hourly rate of $300) and $1,387.50 for work performed by Sasson (9.25 hours multiplied by an hourly rate of $150).